821 P.2d 1008

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Howard Lee ESTES, Defendant–Appellant.**

**No. 18707.**

Court of Appeals of Idaho.

Nov. 27, 1991.

**954**

Gara B. Newman, Rupert, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Howard Lee Estes pled guilty to first degree kidnapping pursuant to a plea agreement in exchange for the dismissal of one count of lewd conduct with a minor under sixteen. Estes was sentenced to a life term with a minimum period of confinement of fifteen years. Estes contends that this sentence is unreasonably harsh. We affirm.

■ Estes's sentence is within the statutory maximum of life imprisonment for the crime of first degree kidnapping where the victim is released unharmed. I.C. § 18–4504(1). If a sentence is within the statutory maximum, the appellant must show that the sentencing court clearly abused its discretion and that the sentence is unreasonable and excessive under any reasonable view of the facts. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). We make this determination in light of the need "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *Id.* at 568, 650 P.2d at 710.

■ Upon appellate review of a sentence imposed pursuant to the Unified Sentencing Act, we treat the minimum determinate period as the probable length of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Consequently, we view Estes's period of confinement as fifteen years. Estes must demonstrate that under any reasonable view of the facts, the fifteen-year sentence for his first degree kidnapping conviction was an abuse of discretion.

■ We independently examine the record, focusing on the nature of the offense and the character of the defendant. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). The facts are that Estes picked up a five-year old boy while he was walking to kindergarten and transported him to a remote area in his pickup truck. At this location, Estes slapped the boy, took off all of the boy's clothes and touched him by his legs in a place the boy described as "nasty." Estes then dropped the boy off near a hay stack on a farm where he was found by the farmer's wife.

Although a separate count of lewd conduct with a minor was dismissed, Estes pled guilty to "kidnapping ... committed for the purpose of committing an act of lewd conduct with a minor child...." I.C. §§ 18–4501, –4502. Accordingly, in his sentencing decision, the judge considered Estes's sexually abusive conduct towards the boy during the kidnapping. The presentence report reflected that Estes had been charged with several other instances of lewd conduct over fifteen years earlier, which charges resulted in several stays at mental hospitals and jail time. The court also heard testimony from a psychologist, Dr. Smith, who had examined Estes prior to the sentencing hearing. Dr. Smith opined that Estes was a pedophile. Dr. Smith further testified that the literature reflects that pedophiles of the same type as Estes have the highest rate of recidivism. Although Dr. Smith stated that Estes is a very difficult person to treat, Estes does exhibit certain qualifications that warrant a "treatment trial." Dr. Smith also testified that a medication often administered to pedophiles, Depo–Provera, may help in any treatment of Estes by lowering his testosterone level, thereby reducing his sex drive and sexual fantasizing. However, part of the problem with Depo–Provera is that the drug must be taken on a regular and controlled basis to be effective, and even if so taken, it can be counteracted with other drugs which would circumvent the intended effects.

The district judge noted that even though Estes may be treatable with the aid of Depo–Provera under the right conditions

and circumstances, there is no guarantee of success and in reality, the odds are against it. The record reflects that the judge considered the prospects of Estes being rehabilitated and the deterrence to Estes and others. However, in sentencing Estes, the judge placed the greatest emphasis on the need to protect society.

As we stated in *Toohill*, the primary objective in sentencing is the protection of society. 103 Idaho at 568, 650 P.2d at 710. The judge took this into account as well as other related goals of sentencing. We cannot conclude that the district judge abused his discretion and that the sentence is unreasonable and excessive under any reasonable view of the facts. We affirm the judgment of conviction, including the sentence.

WALTERS, C.J., and SILAK, J., concur.