832 P.2d 1151

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Troy Don HARRIS, Defendant–Appellant.**

**Nos. 18773, 18802.**

Court of Appeals of Idaho.

June 25, 1992.

David N. Parmenter, Blackfoot, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Bernard W. McHugh, Deputy Atty. Gen., Boise, for plaintiff-respondent.

**PER CURIAM.**

This is a sentence review. Pursuant to a plea agreement in which other pending charges were dismissed, Troy Don Harris pled guilty to lewd conduct with a minor child under the age of sixteen. I.C. § 18–1508. He received a unified sentence of fifteen years in the custody of the Board of Correction with a minimum period of confinement of ten years. He also pled guilty to burglary in the first degree and received a unified sentence of seven years with three years' minimum confinement. I.C. § 18–1401, –1402, –1404. The sentences were ordered to be served concurrently. Harris timely appealed from the judgment of conviction and later filed a separate notice of appeal from a subsequent order denying a motion under I.C.R. 35 to reconsider his sentences. The two appeals were consolidated for disposition. Harris argues that the district court abused its discretion in imposing the sentences, as the sole issue raised on appeal. We affirm.

Harris's sentences are within the statutory maximum of life imprisonment that could have been imposed for the lewd conduct with a minor child, I.C. § 18–1508, and within the maximum of fifteen years permitted for first degree burglary, I.C. § 18–1403. Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve

any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Harris's actual term of confinement as ten years, the period he must serve on the two concurrent sentences before being eligible for parole consideration. I.C. § 19–2513. Harris must establish that under any reasonable view of the facts the imposition of a period of confinement of ten years for lewd conduct with a minor under the age of sixteen and the period of three years for first degree burglary, to be served simultaneously with the sentence for lewd conduct, was an abuse of discretion. This Court will not substitute its own view "for that of the sentencing judge where reasonable minds might differ." *Toohill*, 103 Idaho at 568, 650 P.2d at 710.

In reviewing a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). Here, at the time Harris committed the instant offenses, he was on probation with intensive supervision under suspended sentences for grand theft and forgery convictions in an earlier case following his pleas of guilty to those two charges in exchange for dismissal of a second degree burglary and another forgery charge. As part of the plea agreement in the present proceeding, the state dismissed an additional charge against Harris of lewd conduct with another child and agreed not to pursue a probation violation involving the grand theft and forgery convictions. The lewd conduct count to which Harris pled guilty involved his placing of his finger inside a four-year old girl's vagina, with the intent to arouse or gratify his sexual desires, while he was babysitting the child. The burglary count alleged entry during the nighttime into a commercial motor vehicle at a warehouse with the intent to commit theft.

At the time he was sentenced, Harris was twenty-one years old. According to the presentence report, he has a mental age of thirteen and has a congenital physical defect—inversion of his left foot—which limits his activities. He is functionally illiterate. Reviewing the defendant's situation, the presentence investigator reported:

> An attempt was made ... to supervise the subject through the highly structured Intensive Supervision Program. The subject was indifferent to the rules and repeatedly violated his probation. He has continued to drink alcoholic beverages, use illicit drugs, and misappropriate the property of others. His lewd and lascivious conduct with children (at least three known victims), clearly indicates a progressive pattern of predatory criminal behavior that is unacceptable to this community. Social programs have been exhausted and have met with failure. Due to the subject's propensity to violate the rules and laws of society and having exhausted nearly every social program available and due to his larcenous and disruptive behavior he was terminated from shelter home facilities, Dawn Enterprises [a shelter care facility], and State Hospital South will not admit him on an in-patient basis stating that "he is not mentally ill."

During the sentencing proceeding, the court indicated that its primary goal in sentencing Harris was to protect society from Harris's commission of similar criminal acts in the future. The court concluded upon reviewing Harris's record that he was likely to reoffend. The court noted the importance of a sentence that would prevent Harris from committing another crime, deter Harris and others, would punish Harris and would assist in Harris's rehabilitation. The court determined that Harris needed a structured environment and that a structured environment was appropriate in terms of a sentence and rehabilitation. Under these circumstances, the court imposed the two concurrent sen-

tences of seven years in the custody of the Board of Correction with three years' minimum confinement for the burglary conviction and fifteen years, with ten years' minimum confinement, for the lewd conduct conviction.

The record demonstrates that the court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing the sentences. In light of the sentencing criteria, we hold that Harris's sentences are reasonable and were not an abuse of the court's sentencing discretion.

The judgment of conviction for lewd conduct with a minor under the age of sixteen and for first degree burglary, including the sentences imposed, is affirmed.