832 P.2d 1153

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Kim Sargent TAYLOR, Defendant–Appellant.**

**Nos. 19330, 19381.**

Court of Appeals of Idaho.

June 25, 1992.

Whittier, McDougall, Souza, Murray & Clark, Chartered, Pocatello, for defendant-appellant. Robert C. Naftz, argued.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent. Myrna A.I. Stahman, argued.

WALTERS, Chief Judge.

The appellant, Kim Taylor, pled guilty to one count of lewd conduct with a child under the age of sixteen and to three counts of first degree burglary. The burglary allegations charged that Taylor had entered during the nighttime into each of three separate residences with the intent to commit lewd conduct with, or sexual abuse of, a minor. The lewd conduct charge alleged that Taylor had manual-genital contact with the vaginal area of a six-year old girl. Pursuant to a plea bargain, the state dismissed an additional count of lewd conduct with a minor, two counts of battery with intent to commit a serious felony (lewd conduct with a minor or sexual abuse of a child), and a count of first degree burglary relating to the lewd conduct charge to which Taylor had pled guilty. The district court accepted Taylor's pleas and, after receipt of a psychological evaluation and presentence report, imposed sentences under the Unified Sentencing Act, I.C. § 19-2513. On the lewd conduct charge, the court sentenced Taylor to the custody of the Board of Correction for the balance of his life, with a minimum period of confinement of twenty years. On each of the burglary charges, the court imposed determinate periods of fifteen years, without parole. The court further ordered that all of the sentences be served concurrently. Taylor filed notices of appeal from the judgments of conviction and the proceedings were consolidated for disposition. The sole issue for review is whether the district court abused its sentencing discretion. We uphold the sentences and affirm.

Our standards for appellate review of criminal sentences, based upon alleged abuse of discretion, are well-settled. We first note that Taylor's sentences are within the statutory maximums permitted for the offenses. I.C. § 18-1508 (life sentence for lewd conduct with a child under sixteen); I.C. § 18-1404 (fifteen years for first degree burglary). If a sentence is not illegal, the appellant has the burden to establish that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991);

*State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982). In reviewing a sentence imposed under the Unified Sentencing Act, we consider the minimum period of time specified by the sentencing judge as the probable duration of confinement. *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Here, the court specified twenty years as the minimum confinement period for the offense of lewd conduct with a child, and fifteen years—to be served concurrently—as the determinate period for each of the first degree burglary counts. Thus, Taylor must establish that under any reasonable view of the facts, the minimum periods specified by the district court were an abuse of discretion. We will conduct an independent examination of the record, focusing on the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). We will not substitute our own view "for that of the sentencing judge where reasonable minds might differ." *Toohill*, 103 Idaho at 568, 650 P.2d at 710.

We turn first to the nature of the offenses to which Taylor pled guilty. The underlying incidents involve similar factual backgrounds. In late 1990, three reports were made to the Pocatello police department. On each occasion, parents reported to the police that a man had entered their homes at night while the families were asleep. The intruder molested, or attempted to molest, young daughters. Two of the girls were nine years old, the other was age six. In mid-January, 1991, aroused by screams from his five-year old daughter during the night, a father saw a man running out of the bedroom occupied by the

girl and her eight year-old sister, wrestled him to the floor and held him until the police arrived. The intruder was Kim Taylor. Taylor admitted to the police that he also was the culprit in the three earlier incidents; his fingerprints matched those found in the bedroom of one of the girls at one of the other homes.

Although Taylor denied intending to harm any of the girls, he admitted his conduct was for the purpose of sexual gratification because of his attraction to female children. Based on further admissions, it appeared that Taylor recently had committed similar offenses in Idaho Falls, Phoenix and Tucson, Arizona. His psychological evaluation reported that there were, at a minimum, ten incidents of child molestation by entry into children's bedrooms in which exposure, fondling, digital penetration and masturbation by Taylor occurred. Each incident became more violent in that on the last two or three occasions he threatened the girls with death by saying that he would kill them if they would not be quiet.

Turning to Taylor's character and background, we note that Taylor was twenty-eight years old at the time he was sentenced. In addition to the charges in this case, his prior record included arrests in Idaho and Arizona for possession of controlled substances, probation violation, resisting arrest, driving while under the influence, numerous traffic violations, indecent exposure and public nuisance. In the course of his presentence psychological testing, Taylor admitted to participating during the past eight years in a wide range of deviant sexual behavior, including sexual molestation of children, voyeurism, masturbation in public, cross-dressing, bestiality, pedophilia, homosexuality, and attempted rape of adult women. Taylor related that he had frequently used marijuana, alcohol and cocaine, and that drugs played a large part in his sexual activities. He disclosed that he was under the influence of a combination of alcohol and ephedrine, an over-the-counter drug, when he committed the crimes in this case. He indicated that he was not desirous of substance abuse treatment.

The psychologist, Dr. Horton, reported that Taylor "presents a profile that is similar to power rapists and chronic pedophiliacs. He shows no discrimination between male or female children of any age, and may prefer coerced or violent situations with his victims. If there is any discrimination in preference represented in this test it is in favor of underage children and against adults, male or female." He was diagnosed as suffering from a serious personality disorder, with multiple personality characteristics of a schizoid type. The doctor determined that Taylor "appears to be out of control and he appears to be an extremely high risk to the community." The doctor further noted that, during the ten reported encounters with children in their homes, "it has been established that there is an escalation of violence with each incident and that unless he had been stopped that the violence would have escalated to extremely hurtful conditions to his victims." The doctor opined that because of the high risk Taylor should not be released "at the present time or in the future should he be incarcerated without treatment," noting that "[u]nder his present psychological and behavioral circumstances he represents a tremendous risk to any community, even a prison community, without in-patient treatment for his sexual deviation problems." The doctor viewed Taylor as an appropriate candidate for specialized in-patient sex offender treatment in a correctional setting. He stated that "[t]he overall prognosis appears to be poor for treatment to establish and maintain non offending behavior without a long and extensive period of specialized in-patient sex offender treatment." Accordingly, among the recommendations made for Taylor's future, the doctor suggested that "Taylor should be incarcerated in a specialized in-patient sex offender treatment program so that he receives the necessary treatment program and that this program should be started *after* incarceration is served for his crimes."

Presented with this information, the district court proceeded to determine appropriate sentences for Taylor's crimes. The

court considered "first and foremost" the protection of society from Taylor's conduct. The court gave secondary consideration to the potential for deterring both Taylor and others who perhaps may be in the same situation and to the factor of retribution for society's concern over Taylor's activities with innocent children. Finally, the court gave special attention to the possibility of rehabilitation, but observed that "unfortunately our correctional system has virtually no provisions for such a program for someone in [Taylor's] situation." The court commented:

> I also note the prognosis for psychological counseling. Certainly Dr. Horton recognizes that some help is available and his comment was that the overall prognosis appears to be poor for treatment to establish and maintain nonoffending behavior without a long and extensive period of specialized inpatient treatment. Unfortunately our state doesn't provide such treatment. I also see an individual who certainly had to understand that he had a problem and yet no effort was made to obtain counseling and or treatment until he was caught.... [H]e continued a manipulative behavior even in psychological testing in terms of trying to effect [sic] the outcome of the psychological testing. When I consider all of those factors and additional items stated in the pre-sentence report, I have a rather bleak outlook, extremely bleak outlook for Mr. Taylor. And, although this is a first felony offense, I see it as ten incidents which were perhaps the culmination of numerous other reported and unreported incidents as contained in the psychological report. In essence one of the witnesses correctly pointed out, this case is very unusual. Most cases of child abuse the perpetrator is someone known by the child. Someone who the child looks up to. So, what we have here is really perhaps the worst of all lewd conduct with a minor where a child looks up to an adult thinking the adult will never hurt them and yet that trust is betrayed. Plus we have the violent act of penetrating a child's bedroom in the middle of the night to virtually terrorize her and in some instances to commit a physical penetration of the child.

The court concluded that Taylor should be given a term of life imprisonment and incarcerated for a minimum period of twenty years, before eligibility for parole, on the lewd conduct charge. He sentenced Taylor also to concurrent fifteen-year fixed periods for the burglaries.

Taylor argues on appeal that the court did not properly take into consideration Taylor's minimal criminal record and the findings of Dr. Horton that Taylor was in need of intensive psychological treatment. He asserts that the court abused its sentencing discretion by not considering alternatives to a period of long-term incarceration. We are not persuaded that Taylor has demonstrated any abuse of sentencing discretion. It is clear from the court's comments that the psychologist's recommendations were given serious consideration. It is equally clear from the record that the court recognized the paucity of alternatives to lengthy incarceration until such time as effective inpatient treatment programs may be implemented by the Board of Correction. Within the range of these limitations, the court counterposed the likelihood of rehabilitation against the necessity of immediately protecting society from Taylor's apparently uncontrollable and dangerously predatory nature. From our review of the record, we conclude that the court appropriately considered the nature of these offenses, in light of the character of the offender, and objectively applied the relevant sentencing criteria. We hold that Taylor's sentences are reasonable and were not an abuse of the court's sentencing discretion.

The judgments of conviction for lewd conduct with a child under sixteen and for first degree burglary, including the sentences imposed, are affirmed.

SWANSTROM and SILAK, JJ., concur.