843 P.2d 159

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jesse Howard FLUERY, Defendant–Appellant.**

**No. 19794.**

Court of Appeals of Idaho.

Nov. 2, 1992.

Rehearing Denied Dec. 16, 1992.

Robert P. Tunnicliff, Moscow, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Jesse Howard Fluery appeals from a jury verdict of guilty on two counts of lewd conduct with a child under the age of sixteen years, I.C. § 18–1508, and from a judgment of conviction imposing concurrent unified sentences of fifteen years, with ten years' fixed. Fluery argues that the district court abused its discretion by denying his motion for a mistrial. In addition, Fluery argues that the sentences are unduly harsh and excessive. For the reasons stated below, we affirm.

The lewd conduct charges resulted from Fluery's sexual contacts with two girls, one eight years old and the other six years old. These contacts included two occasions where Fluery had his hand on the vagina of one of the children and another where he had the girls stroke his penis with baby oil.

These contacts were testified to by one of the victims and corroborated by Fluery's co-defendant, Mary Cluff, who was present at the time of the contacts. During Cluff's testimony the prosecutor asked Cluff who was present at Fluery's arrest. Cluff answered, "[Fluery] had a police officer on one side and his Probation Officer on the other side." Fluery objected and moved for a mistrial; the objection was sustained, the testimony as to the circumstances of

the arrest was stricken, but the motion was denied.

## MOTION FOR MISTRIAL

Fluery argues that the district court erred by denying his motion for mistrial based upon Cluff's reference to his being in the presence of his probation officer when arrested. Immediately after the statement Fluery objected, the jury was excused and the motion for mistrial was made. After argument the entire testimony surrounding the arrest was stricken, so as not to draw attention to the fact that the probation officer was present at the arrest, and a limiting instruction was given to the jury. The district court denied the motion based upon *State v. Wilbanks*, 95 Idaho 346, 509 P.2d 331 (1973); *State v. Tisdel*, 94 Idaho 329, 487 P.2d 692 (1971); and *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989).

■ In criminal cases, motions for mistrial are governed by I.C.R. 29.1, which provides, in pertinent part, that "a mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives him of a fair trial." I.C.R. 29.1(a). Whether to grant a motion for mistrial is within the discretion of the trial court and will not be disturbed absent an abuse of that discretion. *State v. Tolman*, 121 Idaho 899, 828 P.2d 1304 (1992); *State v. Talmage*, 104 Idaho 249, 658 P.2d 920 (1983). The denial of a criminal defendant's motion for mistrial is reviewed by this Court based on whether the trial court reasonably exercised its discretion in light of circumstances existing at the time the motion was made. This Court's review must consider the context of the full record. *State v. Rodriquez*, 106 Idaho 30, 33, 674 P.2d 1029, 1032 (Ct. App.1983), *accord Greer v. Miller*, 483 U.S. 756, 766, 107 S.Ct. 3102, 3109, 97 L.Ed.2d 618 (1987) (*quoting Donnelly v. DeChristoforo*, 416 U.S. 637, 639, 94 S.Ct. 1868, 1869, 40 L.Ed.2d 431 (1974)); *see also Hedger*, 115 Idaho at 601, 768 P.2d at 1334. However, this standard is more accurately de-scribed as one of prejudicial error where the "appellant has the burden to show prejudicial error, and absent such a showing, error will be deemed harmless." *Rodriquez*, 106 Idaho at 33, 674 P.2d at 1032.

■ Fluery contends that there was not substantial evidence to convict him because the testimony at trial was fraught with inconsistencies and lapses of memories. Therefore, he argues, Cluff's statement about Fluery's probation officer being present prejudiced his defense. We disagree. Despite Fluery's suggestion to the contrary, the state's case was strong. Prior to Cluff taking the stand there had been two witnesses, including one who testified that she saw Fluery commit the alleged lewd acts. Testimony given by Cluff prior to the statement about the probation officer's presence buttressed the other witnesses' testimony. Additionally, of the three days of testimony, the inadvertent statement about the probation officer's presence was but a few seconds.

Furthermore, a notable difference between the facts in *Rodriquez* and the case before us is that the evidence in *Rodriquez* was erroneously admitted, but here, the testimony was not admitted. Not only was the admittedly inadvertent statement about Fluery's probation officer stricken, the whole line of questioning surrounding the arrest was stricken. This was purposefully done by the district court so as not to draw the jury's attention to the fact that Fluery's probation officer was present.

Given the fact that this inadvertent statement was not admitted, let alone erroneously admitted, and that a proper limiting instruction was given, we find that there is no reasonable possibility that Cluff's statement contributed to Fluery's conviction. In conclusion, after an extensive review of the record we conclude that the evidence presented against Fluery was substantial, and the stricken offensive statement the jury heard was not prejudicial or unfair. We affirm the order of the district court denying the motion for a mistrial.

## SENTENCE REVIEW

 Fluery's sentence is within the statutory maximum of life in prison for a lewd conduct conviction. Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 144–45, 814 P.2d 401, 404–05 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

 In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Fluery's actual term of confinement as ten years. Fluery must establish that under any reasonable view of the facts this period was an abuse of discretion. This Court will not substitute its own view "for that of the sentencing judge where reasonable minds might differ." *Toohill*, 103 Idaho at 568, 650 P.2d at 710.

 On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

 Fluery argues that his sentences are excessive and unreasonable upon the facts of this case and are, therefore, an abuse of discretion. Fluery argues that the judge should have considered the following circumstances presented at the sentencing hearing: the incidents resulting in these charges were initiated by the children; he terminated the contacts immediately; the witnesses' stories were filled with contradictions; Fluery had only one prior speeding ticket and one felony; and because of his age and medical problems, a ten-year fixed sentence would be, in effect, a life sentence. At the time of these offenses Fluery was sixty-nine years old, had been previously shot in the head by his ex-wife which allegedly has precipitated dizziness, headaches, black outs, and a growth in his head which drains from his ear. Fluery also allegedly has high blood pressure and serious heart trouble, having had five bypass surgeries in 1986. Fluery also claims to have poor hearing and eyesight.

A review of the transcript of the sentencing hearing, however, indicates that the district court did not ignore these issues. Rather, the court expressly followed the guidelines for sentencing set forth in I.C. § 19–2521. The court determined that Fluery had already had one chance at rehabilitation, because this conviction was a violation of his probation for a prior sexual abuse. The district court, understandably, was very concerned by Fluery's failure to successfully complete psychological counseling for sexual offenders under his prior probation agreement and his "hidden paranoid ideations" as indicated by the Presentence Investigation Report. The district court also discussed the need for retribution, but emphasized the primary sentencing objective of protecting society. The district court finally noted that Fluery's sentence may well be a life sentence, but if that were the ultimate cost to protect young children from having their lives destroyed, "so be it."

Fluery's main argument to this Court, however, seems to be that, in comparison with sentences given to others convicted of lewd conduct with a minor under sixteen, his sentence is excessive. This argument lacks merit. Fluery listed a number of cases with what he claims are more egregious facts yet with shorter sentences. While comparison of sentences in conjunction with other relevant factors may serve

as the basis for modification of a sentence by the appellate courts, *see State v. Adair,* 99 Idaho 703, 709, 587 P.2d 1238, 1244 (1978), *overruled on other grounds by State v. Byers,* 102 Idaho 159, 627 P.2d 788 (1981), it does not necessarily follow that a "disparity of sentences" constitutes an excessive sentence. *State v. Seifart,* 100 Idaho 321, 323, 597 P.2d 44, 46 (1979). Additionally, the small list of favorable cases provided this Court does not adequately represent the full spectrum of sentences for similar crimes.[1] "But fundamentally, our focus in reviewing this or any sentence is upon the nature of this crime and the character of [Fluery], and not upon equating sentences for the same or different classes of crimes." *State v. Cambron,* 118 Idaho 624, 626, 798 P.2d 469, 471 (Ct.App. 1990) (citing *Seifart,* 100 Idaho at 323, 597 P.2d at 46).

Given the circumstances in this case, Fluery has failed to show any abuse of discretion by the sentencing judge. The judge properly considered the sentencing criteria and expressed a well-founded concern regarding the need to protect society from Fluery's pedophilic tendencies. In light of the nature of this offense, and the character of this defendant, the sentences imposed were not unreasonable.

For the above reasons, the district court's denial of Fluery's motion for a mistrial and the judgment of conviction, including the sentences imposed, are affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.

---

**1.** *See, e.g., State v. Harris,* 122 Idaho 216, 832 P.2d 1151 (Ct.App.1992); *State v. Taylor,* 122 Idaho 218, 832 P.2d 1153 (Ct.App.1992); *State v. Tolman,* 121 Idaho 899, 828 P.2d 1304 (1992); *State v. Estes,* 120 Idaho 953, 821 P.2d 1008 (Ct.App.1991); *State v. Waddoups,* 119 Idaho 363, 806 P.2d 456 (Ct.App.1991); *State v. Anderson,* 119 Idaho 204, 804 P.2d 933 (Ct.App. 1990).