**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45031**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | )   **Filed: December 11, 2018** |
|     **Plaintiff-Respondent,** | ) |
| | )   **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) |
| JUAN CARLOS MALDONADO, aka | ) |
| CARLOS JUAN MALDONADO, | ) |
| | ) |
|     **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Davis F. VanderVelde, District Judge.

Judgment of conviction for domestic abuse with traumatic injury and being a persistent violator, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Juan Carlos Maldonado appeals from his judgment of conviction for domestic abuse with traumatic injury and being a persistent violator. Maldonado argues that the district court erred in admitting hearsay testimony and denying his motion for mistrial. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Maldonado was charged with domestic battery with traumatic injury, I.C. §§ 18-903(a) and 18-918(2), and a persistent violator enhancement, I.C. § 19-2514. During trial, the State sought to introduce statements made by the victim to the responding emergency medical

1

technician (EMT) and the treating physician's assistant (PA) identifying Maldonado as the assailant. The State argued that these statements were admissible pursuant to I.R.E. 803(4)--statements made for purposes of medical diagnosis or treatment. The district court admitted the statements over Maldonado's objection.

On the second day of trial, the State inadvertently introduced the unredacted version of an audio exhibit that included a statement by the victim to a detective that Maldonado had been in prison and did not like to be disrespected. Maldonado moved for a mistrial, arguing that the reference to him having previously spent time in prison was prejudicial. The district court denied the motion, finding that, although the statement was inadmissible, the error could be remedied by striking the exhibit and instructing the jury to disregard it. Subsequent to this remedial action, the State recalled a detective and admitted the redacted version of the audio exhibit. The jury found Maldonado guilty of domestic battery with traumatic injury and the persistent violator enhancement. The district court entered judgment and imposed a unified twenty-year sentence, with six years determinate. Maldonado appeals.

## II.

## STANDARD OF REVIEW

The determination whether to admit evidence under one of the recognized hearsay exceptions is generally a matter that is left to the broad discretion of the trial court. *State v. Nelson*, 131 Idaho 210, 215, 953 P.2d 650, 655 (Ct. App. 1998). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion, acted consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Herrera*, ___ Idaho ___, ___, 429 P.3d 149, 158 (2018).

A district court's denial of a motion for mistrial is reviewed for reversible error. *State v. Urquhart*, 105 Idaho 92, 95, 665 P.3d 1102, 1105 (Ct. App. 1983).

2

## ANALYSIS

### A.    Admission of Hearsay Statements

Maldonado argues that the district court erred in allowing the responding EMT and the treating PA to testify about statements the victim made to them during the course of medical examinations regarding the identity of her assailant.  The State argues that the statements were properly admitted under I.R.E. 803(4) and that, even if the statements should not have been admitted, any alleged error was harmless.  We need not address the admissibility of the statements under I.R.E. 803(4) because, even assuming the statements did not qualify under that exception, the State has met its burden of showing that any error was harmless.

Error is not reversible unless it is prejudicial.  *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983).  Any error that does not affect substantial rights must be disregarded.  I.C.R. 52.  A defendant appealing from an objected-to, nonconstitutionally-based error shall have the duty to establish that such an error occurred, at which point the State shall have the burden of demonstrating that the error is harmless beyond a reasonable doubt.  *State v. Perry*, 150 Idaho 209, 222, 245 P.3d 961, 974 (2010).

The State argues that, even if the district court erred in admitting the testimony regarding the victim's identification of Maldonado as her assailant, any error was harmless in light of the other evidence admitted at trial.  The other evidence cited by the State that supports the jury's verdict that Maldonado was the assailant includes the statement of a witness who was in the room next to the victim and Maldonado, heard the victim crying, heard Maldonado tell the victim to shut up, and heard two hitting or slapping noises.  When that witness asked the victim if she was okay, Maldonado responded, "get the [f***] out of here."  Another witness who lived in the home tried to get Maldonado to leave the victim alone, to which Maldonado responded by threatening to hit the witness and telling the witness to get away and get out.  That witness also saw Maldonado with a knife in his hand.  The evidence also includes jail phone calls between Maldonado and the victim in which Maldonado apologized and indicated he needed help but told the victim to "mak[e]" the witnesses who heard the argument and observed Maldonado holding a knife to not attend court or retract their statements.  Finally, evidence was presented that, when law enforcement responded to the residence where Maldonado and the victim were, the victim

was hiding behind a door, crying, shaking, and fearful.[1] Based on this evidence, the State asserts that any error did not affect Maldonado's substantial rights because there is no reasonable possibility that the victim's statements to medical personnel identifying Maldonado affected the outcome of his trial.

In response to the State's harmless error argument, Maldonado does not address the evidence outlined by the State. Instead, Maldonado contends that the State cited an incorrect legal standard and, therefore, the State did not "adequately raise, properly analyze, [or] sufficiently prove" the alleged error was harmless. We disagree. The State cited relevant authority and argument in support of its harmless error argument, and we are persuaded by it. Thus, even assuming the victim's statements to medical personnel regarding the source of her injuries were inadmissible, the error was harmless.

## B.     Denial of Motion for Mistrial

Maldonado argues that the district court erred by denying his motion for mistrial after the State inadvertently admitted and played the unredacted version of an audio exhibit in which the victim can be heard telling a detective that Maldonado had previously spent time in prison and did not like being disrespected. The State argues that any error in playing the unredacted audio was harmless because the district court ordered the exhibit stricken from the record and issued a curative instruction. The State also argues that, in addition to the curative steps taken by the district court, the inadmissible evidence ultimately excluded by the district court was harmless in light of the overwhelming evidence of Maldonado's guilt. We hold that Maldonado has failed to show that the district court committed reversible error in denying his motion for mistrial.

In criminal cases, motions for mistrial are governed by I.C.R. 29.1. A mistrial may be declared upon motion of the defendant when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial. I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made.

---

[1]     Maldonado's defense was that he was upset that the victim was battered by her "boyfriend."

4

Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*Urquhart*, 105 Idaho at 95, 665 P.3d at 1105.

An error is harmless, not necessitating reversal, if the reviewing court is able to declare beyond a reasonable doubt that the error did not contribute to the verdict. *State v. Ruiz*, 159 Idaho 722, 724, 366 P.3d 644, 646 (Ct. App. 2015). In conducting this inquiry, we presume that the jury followed the district court's instructions. *See State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996). To overcome the presumption, a defendant claiming error in the denial of a mistrial motion must show there is an overwhelming probability that the jury was unable to follow the court's instructions and a strong likelihood that the effect of the evidence was devastating to the defendant. *Ruiz*, 159 Idaho at 724-25, 366 P.3d at 646-47.

Maldonado moved for a mistrial after the State admitted and played Exhibit 23, an audio recording of an interview between a detective and the victim in which the victim made a reference to Maldonado spending time in prison and feeling disrespected. It is undisputed that the version of the audio originally admitted and played for the jury was the unredacted version of the interview and that its admission was inadvertent. Nevertheless, Maldonado requested a mistrial because he did not know how "impactful" the evidence would be. The district court, relying on *State v. Fluery*, 123 Idaho 9, 843 P.2d 159 (Ct. App. 1992), denied Maldonado's motion for mistrial, concluding that striking the exhibit and giving the jury a curative instruction would be sufficient to ameliorate any potential prejudice. The curative instruction explained:

> Earlier, you heard the testimony of [the victim] . . . .
> Subsequently, the State offered testimony from another witness, [a detective], that on a former occasion [the victim] made statements that were not consistent with her testimony presented in court. You were also told by me at that time that such evidence was admitted only on a limited basis . . . and should only be considered by you in determining the weight to be given the earlier testimony of [the victim]. And further that you cannot use such earlier statements as evidence in this case.

5

That ruling and limitation has not changed. In addition, portions of State's Exhibit Number 23, an audio recording of [the detective's] interview with [the victim], were played into the record also under the same limiting instructions by the Court.

However, because I have determined that that recording inadvertently contained information that is inadmissible, I am now ruling that the audio recording of Exhibit 23 is to be stricken from the record. And you are instructed that you are to disregard anything you may have heard or understood from the Exhibit 23 audio recording of [the victim].

So, I am not striking the officer's testimony or any of those questions and answers. If you took notes of that, that's fine. I'm just striking the audio from the exhibit. It may get offered later as a redacted version, in which case I'll make a ruling then. But that's the only thing I'm telling you not to consider.

The State subsequently offered the redacted version of the audio it originally intended to admit. Maldonado's objection to the admission of the redacted audio was the same objection he made "previously." Maldonado's previous objection to the audio (Exhibit 23) was hearsay. That objection was overruled. When the redacted audio was admitted, the district court reminded the jury that the exhibit could only be used for the limited purpose of considering what weight, if any, to give the victim's in-court testimony.

On appeal, Maldonado argues that the district court erred in denying his motion for mistrial and in relying on *Fleury* as guidance for its resolution of Maldonado's motion. Maldonado contends that *Fleury* is distinguishable and that the district court's limiting instruction was insufficient to cure the error. We first address Maldonado's contention that the district court's reliance on *Fleury* was misplaced.

The basis for the mistrial motion in *Fleury* was testimony that Fleury's probation officer was present at the time of Fleury's arrest. *Fleury*, 123 Idaho at 11, 843 P.2d at 161. The district court denied the motion, struck the testimony surrounding Fleury's arrest, and gave the jury a limiting instruction. On appeal, Fleury argued that the curative steps taken by the district court were inadequate because there was not substantial evidence to sustain his conviction. This Court disagreed, concluding that the State's case was substantial, the inadvertent statement regarding Fleury's probation officer was brief, the challenged testimony was stricken, and a proper limiting instruction was given. *Id.*

Maldonado distinguishes *Fleury* by arguing that the exhibit in this case was admitted and played for the jury, the statement in *Fleury* "was certainly not as prejudicial as the statement in

the audio recording here" because one involved probation and the other involved prison, and there was no further testimony about the facts of Fleury's arrest whereas the district court admitted a redacted audio recording of the victim's interview in this case. None of the facts Maldonado believes distinguish this case from *Fleury* demonstrate reversible error in the denial of Maldonado's motion for mistrial. The fact that the audio was played for the jury is insignificant to the analysis because that is merely the basis for the mistrial motion. The relevant question is whether the continuing impact of the inadmissible statement--reference to Maldonado being in prison and not liking to be disrespected--was such that the error is reversible.

Once the prosecutor realized Exhibit 23 was not the redacted recording he intended to admit, he stopped the audio early. The district court addressed the error by striking Exhibit 23 in its entirety and instructing the jury to disregard it. Maldonado cites to nothing in the record that suggests the inadmissible testimony had a continuing impact on the jury or its verdict. Nor is there any basis from which to conclude that the district court's limiting instructions were insufficient. As noted, we presume the jury followed the district court's instructions. *See Kilby*, 130 Idaho at 751, 947 P.2d at 424. In this case, the jury would have had to disregard two limiting instructions in order for its verdict to be impacted by the statements regarding Maldonado's time in prison: (1) that the jury disregard the entirety of Exhibit 23 and (2) that the jury could only consider the contents of the exhibit, including the redacted version, for impeachment purposes and not as substantive evidence. There is no basis for concluding that the jury disregarded either instruction. Further, much of Maldonado's argument on appeal appears to be based on the district court's admission of the redacted version of the audio and the foundational testimony offered surrounding its admission. However, Maldonado did not object to that testimony, nor did he object to the admission of the audio recording of the interview on any basis other than hearsay--an issue he does not raise on appeal. Thus, we will not consider any assertion that a mistrial was warranted on this basis. *See State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992) (noting that issues not raised below may not be considered for the first time on appeal).

Because the unredacted audio was stricken from the record and a proper limiting instruction was given, Maldonado has failed to show that the victim's inadmissible statement

7

contributed to the jury's verdict. Thus, the district court did not err in denying Maldonado's motion for a mistrial.

**C.     Cumulative Error**

Maldonado contends that the cumulative error doctrine applies because the errors at trial deprived him of a fair trial. Under the doctrine of cumulative error, a series of errors (harmless in and of themselves) may in the aggregate show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). A necessary predicate to the application of the doctrine is a finding of more than one error. *Id.* Even assuming evidentiary error in relation to the admission of the hearsay statements to the victim's medical providers, Maldonado has failed to demonstrate cumulative error that deprived him of a fair trial. As such, Maldonado is not entitled to a vacation of his judgment of conviction based on cumulative error.

## III.

## CONCLUSION

Assuming error in the admission of hearsay statements to the victim's medical providers, the error was harmless. Maldonado has failed to show that the district court's denial of his motion for a mistrial was reversible error. Maldonado has also failed to show cumulative error. Thus, Maldonado's judgment of conviction for felony domestic battery with traumatic injury with a persistent violator enhancement is affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.