# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50870

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  May 9, 2025** |
| Plaintiff-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JUAN MANUEL HERNANDEZ, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Respondent. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Matthew Roker, District Judge.

Order of dismissal, <u>affirmed</u>.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant.  Kenneth K. Jorgensen argued.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for respondent.  Kiley A. Heffner argued.

_____

TRIBE, Judge

The State of Idaho appeals from the district court's order of dismissal.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The complainant (K.H.) and Juan Manuel Hernandez are married with two children.  An anonymous family member reported to Health and Welfare that Hernandez threw scalding water on K.H., burning her, in the presence of their children.  The Caldwell police department received a referral from Health and Welfare.  The following day, five days after the alleged incident, the officers visited K.H.'s residence and were able to speak to her.  K.H. told the officers that she was by the stove cooking when Hernandez flung the pan with hot water at her.  The officers took K.H. to a hospital where a sexual assault nurse examiner (SANE) interviewed K.H., performed a physical exam, and documented her injuries.  According to the district court, prior to the interview

1

and examination, K.H. reviewed and signed a document entitled, "Medical/Forensic Exam of Adult/Adult--or Adolescent/Adult." In the interview, K.H. stated that Hernandez threw a pan of boiling water at her that splashed all over her body.[1]

Hernandez was charged with felony domestic battery causing traumatic injury in the presence of a child. Idaho Code §§ 18-903, 18-918(2), 18-918(4). Prior to trial, Hernandez moved to exclude K.H.'s statement to the SANE nurse where K.H. identified Hernandez (identity/identification statement) as the alleged perpetrator of the alleged battery. At the motion hearing, the State presented the consent form as proof of the medical purpose of K.H.'s identification statement. The State's brief included some assertions that identification statements are especially pertinent to the treatment of domestic violence victims because it ensures the victim is discharged to a safe environment.

After reviewing all available records and evidence, the district court found that any statements made regarding the extent of K.H.'s injuries were admissible because they were made for the purpose of medical diagnosis or treatment. However, the district court determined that, under the totality of the circumstances, the identity statement was beyond the scope of the hearsay exception for statements made for the purpose of medical diagnosis or treatment and was inadmissible.

After the district court's ruling, Hernandez filed a motion to dismiss under Idaho Criminal Rule 48. The district court granted the motion. The district court reiterated its findings and conclusions that the identity statement was not admissible as a statement made for medical diagnosis or treatment. The State timely appeals.

## II.

## STANDARD OF REVIEW

This Court reviews a trial court's decision regarding a motion to dismiss a criminal action for an abuse of discretion. *State v. Sarbacher*, 168 Idaho 1, 4, 478 P.3d 300, 303 (2020). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-

---

[1]    The record on appeal, outside of the State's reply brief, is devoid of any substantive discussion regarding the medical examination or the interview the SANE nurse conducted with K.H. The record includes pictures of K.H.'s burn marks which, according to the district court's findings, were the chief complaint that she presented to the medical staff.

tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). Evidentiary rulings are also reviewed for an abuse of discretion. *State v. Weaver*, 170 Idaho 684, 688, 516 P.3d 108, 112 (2022).

## III.
## ANALYSIS

The State argues that the district court erred by finding that the identity statement, made in the context of domestic violence, was inadmissible pursuant to Idaho Rule of Evidence 803(4). The State specifically contends that a statement made to a medical professional about the identity of a domestic violence perpetrator is made for, or reasonably pertinent to, medical diagnosis or treatment and should be admissible. Hernandez argues that the district court correctly found the identity statement inadmissible as the statement was outside the scope of the statements made for the purpose of medical diagnosis or treatment.

Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. I.R.E. 801; *Takhsilov v. State*, 161 Idaho 669, 674, 389 P.3d 955, 960 (2016). Hearsay evidence is generally inadmissible unless it falls within an exception provided by the Idaho Rules of Evidence or another rule promulgated by the Idaho Supreme Court. *State v. Hill*, 161 Idaho 444, 448, 387 P.3d 112, 116 (2016). Idaho Rule of Evidence 803(4) provides a hearsay exception for statements made for medical diagnosis or treatment. Under Rule 803(4), a proponent must show that the statement: "(A) is made for--and is reasonably pertinent to--medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; or their source." Accordingly, the party asserting an exception under Rule 803(4) must affirmatively establish that the declarant had the requisite motive by demonstrating that the declarant made statements understanding that they would lead to medical diagnosis or treatment. *See State v. Roberts*, 173 Idaho 596, 599, 545 P.3d 591, 594 (Ct. App. 2023). In cases involving child

3

declarants,[2] Idaho courts have looked to the objective record to determine, under the totality of the circumstances, whether the child declarant had the proper treatment motive. *State v. Christensen*, 166 Idaho 373, 376, 458 P.3d 951, 954 (2020); *Roberts*, 173 Idaho at 601, 545 P.3d at 596. At the center of the State's argument is whether K.H.'s statement to the SANE nurse, identifying Hernandez as the alleged perpetrator, was made for the purpose of medical diagnosis or treatment under the exception provided in Rule 803(4)(A).

Although the record includes a video recording of the interview between K.H. and the SANE nurse that might have supported the State's position that the identification statement was made for a medical purpose, this video was neither provided to the district court during the suppression hearing nor referenced in the State's briefing or oral argument before the district court. To meet foundational requirements, evidence that supports the medical purpose of identification statements should be made available to the court at the time it makes its determination. *State v. Al Muthafar*, ___ Idaho ___, ___, 560 P.3d 1029, 1036 (2024).

In *Al Muthafar*, the Idaho Supreme Court held that a FACES'[3] nurse's testimony was not sufficient to support that an identification statement was made for a medical purpose. *Al Muthafar*, ___ Idaho at ___, 560 P.3d at 1036. The nurse described the physical exam she typically conducts at FACES but did not testify about the actual physical assessment she performed on K.S., the health and medical history she completed, her diagnosis of K.S.'s injuries, any treatment she rendered or prescribed, or the content of K.S.'s medical records. *Id.* Despite having the medical records of K.S.'s visit to the hospital and the FACES' nurse's interview, police reports and an audio recording of the FACES interview that suggested the statements were made (at least in part)

---

[2] We note that Idaho courts have not directly addressed the admissibility of identity statements in the context of domestic violence cases. *See, e.g., State v. Maldonado*, 164 Idaho 702, 704, 435 P.3d 14, 16 (Ct. App. 2018) (declining to address admissibility of statements made by domestic violence victim during the course of medical examination regarding identity of her assailant because any error in admitting such statements was harmless); *State v. Crawford*, 110 Idaho 577, 580-81, 716 P.2d 1349, 1352-53 (Ct. App. 1986) (questioning whether adult victim's identification of assailant was necessary for doctor's diagnosis of injuries and ultimately holding that any error in allowing such identification testimony by the doctor was harmless).

[3] Family Advocacy Center and Education Services, often referred to as FACES of Hope (FACES).

4

for the purpose of medical diagnosis or treatment, the State failed to present any of this evidence at the preliminary hearing. The Idaho Supreme Court concluded that, as a result, the State failed to demonstrate that the Rule 803(4) exception applied to the identification statements. *Al Muthafar*, ___ Idaho at ___, 560 P.3d at 1036.

Here, the record in this case is largely devoid of significant insight into the scope of the interview with the SANE nurse. The State supported its assertion that K.H.'s identification statements to the SANE nurse qualified under the medical purpose hearsay exception by attaching K.H.'s Medical/Forensic Exam consent form to the trial memorandum which was made in response to Hernandez's motion to suppress. The trial memorandum included several sentences generally discussing that the identity of the assailant in a domestic violence case is pertinent for the discharge plan. The State did not cite to the video recording of K.H.'s interview with the nurse in the briefing or during oral argument to the district court. There is no evidence that the district court had access to the video recording of the interview prior to making its ruling following the suppression hearing. Nothing in the record describes the actual physical assessment the SANE nurse performed on K.H., the health and medical history the nurse completed, K.H.'s diagnosis, any treatment the SANE nurse rendered or prescribed, or the content of K.H.'s medical records. Simply put, there was no evidence offered demonstrating how the identity statement K.H. made during the interview pertained to a medical diagnosis or treatment purpose. This testimony is necessary to lay foundation to meet the requirements of the hearsay exception under Rule 803(4).

Moreover, the State refers to an offer of proof that it argues would lay sufficient foundation to introduce the alleged perpetrator's identity under the medical diagnosis or treatment exception. However, the offer of proof[4] consisted of only a few sentences in the trial memorandum filed by the State. These statements did not include evidence that the SANE nurse used the identity of the alleged perpetrator to treat or diagnose K.H.'s injuries. In fact, nothing from the circumstances

---

[4]    In its trial memorandum, the State wrote:

> SANE nurses are trained to assess and identify any influences that may negatively affect the patient or compromise her safety. Ascertaining the patient's attacker is necessary so that the SANE can assess the patient's living situation and ensure that her physical and emotional needs are met. When--as here--the patient's attacker is a spouse, the SANE may have to modify the discharge plan to ensure the patient's emotional well-being and safety.

5

during the interview with the SANE nurse reasonably indicate that K.H.'s medical diagnosis or treatment would have been different if she had not mentioned the identity of her alleged perpetrator in describing how she was injured. Therefore, the State failed to present sufficient evidence that the identity of the alleged perpetrator was pertinent to K.H.'s medical diagnosis or treatment.

This Court concludes that the State failed to meet its burden of establishing that K.H.'s statement qualified under the medical diagnosis or treatment exception to hearsay. The district court did not abuse its discretion in finding the identity statement was inadmissible hearsay. Because the State does not challenge the district court's decision to dismiss based on its pretrial ruling regarding the admissibility of K.H.'s statements, we need not address whether the district court could dismiss the case pursuant to this in limine evidentiary determination.[5]

## IV.

## CONCLUSION

The district court did not err in finding that the identity statement K.H. made, during the interview with the SANE nurse, was inadmissible because the statement did not satisfy the medical diagnosis or treatment purpose exception pursuant to I.R.E. 803(4). Accordingly, we affirm the district court's order of dismissal.

Judge HUSKEY and Judge LORELLO, **CONCUR**.

---

[5] While K.H.'s statements to the SANE nurse were important evidence for the State, particularly given K.H.'s reluctance to testify, the State did not dismiss the case for lack of evidence. Instead, the district court determined, in conjunction with its pretrial evidentiary ruling regarding K.H.'s statements, that it was "unaware of admissible evidence in the record evincing that [Hernandez] committed a battery upon [K.H.]." The district court also noted the case had a "convoluted posture," that "many resources were expended to get the case to this current standstill," "[n]o dates are currently set," and "no discernible resolution is in sight." Based on this "totality of the circumstances," the district court dismissed the case, citing "the ends of justice and the effective administration of the [c]ourt's business" pursuant to I.C.R. 48(a)(2).