882 P.2d 453

STATE of Idaho, Plaintiff–Respondent,

v.

Jeffery T. FREDERICK, Defendant–Appellant.

No. 20202.

Court of Appeals of Idaho.

Sept. 23, 1994.

Kirk J. Anderson, Boise, for appellant.

Larry EchoHawk, Atty. Gen. and Michael J. Kane, Deputy Atty. Gen. (argued), Boise, for respondent.

PERRY, Judge.

Jeffery Frederick was found guilty by a jury of lewd conduct with a minor under sixteen, I.C. § 18–1508, and was sentenced to a unified term of fifteen years, with a minimum period of five years' incarceration. Frederick appeals from the judgment of conviction, alleging that "other crimes" evidence was improperly admitted. Frederick also raises an ineffective assistance of counsel claim, asserting that his counsel's failure to object to hearsay statements denied him a fair trial. For the reasons stated below, we affirm the judgment of conviction.

At trial, the state called three witnesses, including the victim, A.W., who was seven years old at the time of the alleged offense, A.W.'s mother and a Cascade City police officer who had investigated the case. A.W. testified that Frederick had touched her between her legs, sometimes with her pants on and sometimes with them off, and that he had her touch and rub his genitals. During the direct examination by the state, A.W.'s mother testified that Frederick was living with her and her children at the time of the alleged misconduct, but he had moved out of the house by the time her daughter revealed Frederick's illicit conduct toward her.

In response to the prosecutor's question whether she continued to have a relationship with Frederick after he moved out of the house, A.W.'s mother testified:

WITNESS: Yes, I did.

PROSECUTOR: For how long?

WITNESS: About a month after—after it happened, he got thrown in jail. And so I continued seeing him and talking to him on a regular basis until about a year and a half ago.

PROSECUTOR: What happened about a year and a half ago?

WITNESS: I was—I was getting counseling, and Jeff was coming up for parole in May, and I was having a hard time.

DEFENSE: Objection, Your Honor. I'd like to—

THE COURT: Well, the question has been asked, the question has been answered. It's a little late to object. If you're going to object, object when the question is made.

WITNESS: I was having a—

PROSECUTOR: And you were in counseling?

WITNESS: Yes. I was in counseling—

THE COURT: All right. The question was just were you in counseling, and the answer is yes. Please just answer the question that's asked. Don't elaborate.

## I.

Frederick asserts as his first issue on appeal that the district court erred in admitting evidence of Frederick's criminal history, over objection by defense counsel. The evidence in question is the unexpected disclosure by A.W.'s mother that Frederick "was coming up for parole in May." He argues that the reference to his parole constituted evidence of other crimes, which is generally inadmissible to prove the character of a person or his propensity to commit crime. Therefore, he contends that the district court abused its discretion when it failed to sustain his objection to testimony which he claims was irrelevant to prove the crime and was prejudicial to his case.

When considering a trial court's admission of evidence of prior misconduct, we exercise free review of the trial judge's admissibility determination under I.R.E. 404(b). However, when reviewing the determination that the probative value of the evidence is not outweighed by unfair prejudice—the second step of the analysis—we use an abuse of discretion standard. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct.App. 1993), *cert. denied, Atkinson v. Idaho,* — U.S. ——, 114 S.Ct. 1659, 128 L.Ed.2d 376 (1994).

In support of his argument, Frederick cites authority wherein this Court reviewed the impact of unexpected or volunteered testimony which alerted the jury to the defendant's prior criminal history. In each case, we concluded that the unexpected or volunteered testimony may have contributed to the verdict and remanded for a new trial. *State v. Shepherd,* 124 Idaho 54, 855 P.2d 891 (Ct.App.1993); *State v. Guinn,* 114 Idaho 30, 752 P.2d 632 (Ct.App.1988); *State v. Simonson,* 112 Idaho 451, 732 P.2d 689 (Ct.App. 1987). The analysis undertaken in each of these cases, however, was directed to the question of whether the event which precipitated the defense's motion for mistrial represented reversible error when viewed in the context of the full record. *See State v. Urquhart,* 105 Idaho 92, 665 P.2d 1102 (Ct.App. 1983). Frederick did not request any relief from the district court in the form of a motion to strike, a motion for mistrial or a curative instruction to the jury. Because Frederick made no motion for mistrial, these cases are inapposite.

Our review of the transcript of the trial in Frederick's case discloses that A.W.'s mother blurted out the reference to Frederick's prior felony on direct examination during the state's case in chief. The testimony was not solicited by the prosecutor's questioning nor introduced for the improper purpose of showing character evidence, or for any other admissible purpose. The defense's objection came after the witness had answered, and the defense did not thereafter make a motion to strike or a motion for mistrial. Finally, the defense had the benefit of an instruction given by the Court at the

conclusion of the trial limiting the use and purpose of the testimony.

 We can only speculate why defense counsel did not move the district court to strike the objectionable portion of A.W.'s mother's testimony which revealed Frederick's connection with other crimes. It is not our function on appeal to look for error and order a mistrial. Error will not be presumed upon appeal but must be affirmatively shown by an appellant and, with limited exceptions, error at trial must be properly objected to and preserved to merit review. *State v. Thomas,* 94 Idaho 430, 489 P.2d 1310 (1971). Based on our review of the entire trial record before this Court, we conclude that the admission of A.W.'s mother's unexpected mention of Frederick's parole was not reversible error on the part of the district court.

## II.

Frederick next claims that he is entitled to reversal of his conviction due to the ineffective assistance of his trial counsel. He asserts that he was denied a fair trial by his counsel's failure to object to the hearsay testimony of A.W.'s mother, relating her initial conversation with her daughter about the incident which resulted in the lewd conduct charge. Frederick asserts that had the hearsay testimony not been put before the jury, there is a reasonable probability that the jury would not have convicted him solely on the basis of the victim's testimony.

 When examining a claim of ineffective assistance of counsel that is raised pursuant to an appeal from the judgment of conviction, as is the case here, we review the performance of counsel based on the record before us, which consists primarily of the transcripts of the trial and the sentencing hearing. *See State v. Roles,* 122 Idaho 138, 144, 832 P.2d 311, 317 (Ct.App.1992). As opposed to the situation where the ineffective assistance claim is raised through an application for post-conviction relief, there was no "evidentiary hearing held or affidavit obtained regarding the theories, tactics, or strategies of [Frederick's] trial counsel." *Id.* Accordingly, we will review defense counsel's lack of objection to the allegedly damaging hearsay testimony.

 Idaho has adopted the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), recognizing two components necessary to a criminal defendant's claim of ineffective assistance of counsel. First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. *Gibson v. State,* 110 Idaho 631, 718 P.2d 283 (1986). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2065–66. Furthermore, to establish prejudice which would warrant setting aside the judgment in a criminal proceeding, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 698, 104 S.Ct. at 2070.

The objectionable testimony included A.W.'s responses to her mother's inquiries about something Frederick had done, which upset A.W. and led A.W. to tell her mother that she did not want her mother to marry Frederick. A.W.'s mother testified as follows:

WITNESS: It was after Jeff had left. The night after—the night after he left, I went to tuck her into bed one night, and she told me that she didn't want me and Jeff to get married. And I asked her why. And she said because she didn't like being tickled. And I said, "You mean when he wrestles with you?" And she said, "No, in my privates."

PROSECUTOR: Did you—what did you think when she told you that?

WITNESS: I was devastated. And I asked her how many times? You know, was your pants off or on? And—and she said, "Sometimes on and sometimes with them off." And I said, well—she goes, "Why would he do that to me, Mom?["] And I said, "Well, because he's sick." And she got this terrified look on her face and said, "Well, because I let him do that to me, does that mean that I'm sick, too?"

The record also shows that this testimony followed the testimony of the child, A.W., who had already described Frederick's offensive touching to the jury.

Even assuming that the testimony referred to above constitutes hearsay, which is not rendered admissible under any hearsay exceptions described in I.R.E. 803, we conclude that Frederick has failed to show that he was prejudiced by the admission of such hearsay. The evidence at the trial, which included the victim's testimony and Frederick's admission of his conduct to A.W.'s mother, was sufficient for the jury to reach a verdict of guilty. We hold, therefore, that the outcome of Frederick's trial was not undermined by the ineffectiveness he assigns to his trial counsel.

In conclusion, we find that the district court did not err in admitting the unsolicited reference to Frederick's other crimes. We also find that the district court correctly held that Frederick was not entitled to relief on his claim of ineffective assistance of counsel. We affirm the judgment of conviction.

WALTERS, C.J., and LANSING, J., concur.